UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| VICTORIA CREWS-HENRY, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) COMPLAINT AND DEMAND ) FOR JURY TRIAL |
| DIVERSIFIED CONSULTANTS, INC. | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) |

## COMPLAINT

VICTORIA CREWS-HENRY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Delaware, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dover, Delaware 19901.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Debt collection is the principal purpose of Defendant's business.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number that she has had for at least one year.

15. Plaintiff has only used this phone number as a cellular telephone.

16. Within the one year period preceding the filing of this Complaint, Defendant called Plaintiff on a repeated basis, often multiple times per day, attempting to collect a Verizon cable debt that was primarily incurred for personal, family, or household purposes.

17. Defendant's calls originated or derived from phone numbers that include, but are not restricted to the following phone number: (215) 372-1716. The undersigned has confirmed that this phone number belongs to the Defendant.

18. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

19. Plaintiff knew that Defendant's calls were automated calls as she would be routinely greeted by a recording prior to speaking to one of Defendant's collectors.

20. Shortly after calls began in in or around fall 2016 and repeatedly thereafter, Plaintiff spoke to Defendant and asked that Defendant cease and desist all further telecommunications.

21. On at least one occasion, Plaintiff also informed Defendant that she was still mourning the death of a family member and didn't want to be bothered by Defendant's calls.

22. Defendant heard and acknowledged Plaintiff's innumerable demands to stop calling by instead countering that the calls would only stop when the debt was paid.

23. Once Defendant was informed that its calls were unwanted and to stop calling, its continued calls could have served no lawful purpose besides harassment.

24. Despite Plaintiff's clear and unequivocal demands to refrain from contacting her, Defendant continued its near-daily barrage of phone calls.

25. Defendant's incessant collection calls were especially harassing and disruptive to Plaintiff because she was regularly contacted while at her place of employment and during a hospital stay in or about September 2017.

26. Plaintiff knew that Defendant was calling her because she spoke to female and male collectors who stated their company name as the Defendant's.

27. Defendant additionally threatened to pursue legal action against Plaintiff and attach a lien to her property if the alleged debt was not paid in or about September 2017.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated both sections of the FDCPA when it called Plaintiff excessively each day attempting to collect a Verizon cable debt and continued to call Plaintiff despite her numerous instructions to stop calling her and knowledge that these calls were not wanted by Plaintiff.

## COUNT II

## DEFENDANT VIOLATED §§1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

31. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Section 1692e(10) prohibits a debt collector from using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. Section 1692e(5) prohibits a debt collector from threatening to take action that cannot legally be taken or is not intended to be taken.

34. Defendant violated §§1692e, 1692e(5), and 1692e(10) of the FDCPA by falsely threatening to seek legal action as well as attach a lien to her personal property in or around September 2017. Defendant made both misrepresentations to Plaintiff purely to entice or compel payment, and Defendant made these threats without intending to pursue these courses of action.

## COUNT III
## DEFENDANT VIOLATED §§ 1692f OF THE FDCPA

35. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

36. Here, Defendant's debt collection practices are certainly unfair or unconscionable since it called Plaintiff an excessive number of times per day beginning in or around fall 2016 and continuing through September 28 2017, failed to stop calling Plaintiff despite Plaintiff's multiple demands to stop calling, falsely threatened legal action as well as the attachment of a lien on Plaintiff's property in or around September 2017 without ever intending to pursue these means, failed to send Plaintiff a written notice that informed him of and also engaged in additional practices and behaviors which violated Plaintiff's rights as a consumer.

## COUNT IV
## DEFENDANT VIOLATED THE TCPA

37. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

39. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

40. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

41. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

42. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

43. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

44. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

45. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

46. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

47. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, VICTORIA CREWS-HENRY, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, VICTORIA CREWS-HENRY, demands a jury trial in this case.

Respectfully submitted,

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: March 15, 2018

By:*/s/W.Christopher Componovo*__
W. Christopher Componovo, Esq.
Attorney ID #3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
Phone: (302) 791-9373
Facsimile: (302) 791-9476